UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**PEGGY C.,**

   **Plaintiff,**

                  Case No. 2:19-cv-17472
 v.                Magistrate Judge Norah McCann King

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

   **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I. PROCEDURAL HISTORY**

On November 4, 2016, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that she has been disabled since July 1, 2016. R. 215–23.

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity.

1

Plaintiff's applications were denied initially and upon reconsideration. R. 137–142, 145–50. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 154–55. Administrative Law Judge Kenneth Ayers ("ALJ") held a hearing on December 14, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 41–74. In a decision dated February 19, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from July 1, 2016, Plaintiff's alleged disability onset date, through the date of that decision. R. 24–34. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 1, 2019. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 8, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 15.[2] On June 9, 2020, the case was reassigned to the undersigned. ECF No. 17. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted));

*see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482. Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is

4

> supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

### B.     Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.    ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 37 years old on her alleged disability onset date. R. 33. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. R. 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between July 1, 2016, her alleged disability onset date, and the date of the decision. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disorder of the cervical spine, chronic obstructive pulmonary disease ("COPD"), morbid obesity, depressive and anxiety disorders, and fibromyalgia. R. 27. The ALJ also found that the following diagnosed impairments were not severe: a history of diabetes mellitus (type II), Lyme disease, gastro-esophageal reflux disease, migraines, dyslipidemia, and mild obstructive sleep apnea. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 27–29.

At step four, the ALJ found that Plaintiff had the RFC to perform a reduced range of sedentary work subject to various additional exertional and non-exertional limitations. R. 29–

32. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a certified nursing assistant. R. 32–33.

At step five, the ALJ found that a significant number of jobs—*i.e.*, approximately 47,000 jobs as an addresser; and approximately 463,000 jobs as a table worker—existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 33–34. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from July 1, 2016, her alleged disability onset date, through the date of the decision. R. 34.

Plaintiff disagrees with the ALJ's findings at steps three, four, and five and asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 24; *Plaintiff's Reply Brief*, ECF No. 26. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 25.

**IV.    DISCUSSION**

Plaintiff raises a number of challenges to the ALJ's decision, including, *inter alia*, the ALJ's determination of Plaintiff's RFC as it relates to limitations in Plaintiff's ability to interact with other people. *Plaintiff's Brief*, ECF No. 24, pp. 24–26; *Plaintiff's Reply Brief*, ECF No. 26, pp. 6–7. Specifically, Plaintiff argues that, although the ALJ found that Plaintiff had moderate limitations in her ability to interact with others, which limited Plaintiff to only occasional interaction with co-workers and the public, the RFC was silent as to Plaintiff's ability to interact

with supervisors. *Id*. Plaintiff contends that this omission, as well as the ALJ's failure to explain this omission, is outcome determinative and precludes judicial review. *Id*. This Court agrees.

A claimant's RFC is the most that a claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). At the administrative hearing stage, the administrative law judge is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, at step four of the sequential evaluation, the ALJ found that Plaintiff had the RFC to perform a reduced range of sedentary work subject to certain additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of sedentary work (20 CFR 404.1567(a) and 416.967(a)). Specifically, she can lift and/or carry and push and/or pull up to 10 pounds occasionally and fewer than 10 pounds frequently. She can sit up to six hours and stand and/or walk up to two hours in an eight-hour workday. She can occasionally reach overhead to the left and right; she can handle items frequently with the left and right hands; and she can finger frequently with the left and right hands. She can climb ramps and stairs occasionally but cannot climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can never work at unprotected heights or near moving

> mechanical parts. She can be exposed to humidity and wetness occasionally and can work in extreme cold and in extreme heat occasionally. She cannot be exposed to concentrated levels of dust, odors, fumes, and pulmonary irritants. She is able to perform simple, routine tasks, and use judgment and deal with changes in the work setting for simple work-related decisions. She is able to interact with co-workers and the public occasionally.

R. 29. The ALJ went on to explain the mental limitations as follows:

> With respect to the mood disorders, the undersigned finds that the claimant is limited to work entailing simple, routine tasks, simple work-related decisions, and occasional interaction with co-workers and the public. Greater mental restrictions are not warranted because the record after the November 2016 hospitalization documents significant improvement in mood and few, if any, positive mental status examination findings.

R. 32.

Plaintiff, however, contends that the ALJ concluded that she had a moderate limitation in interacting with other people and limited her to occasional interaction with the public and co-workers, but inexplicably excluded any limitation relating to supervisors, R. 28–29; *Plaintiff's Brief*, ECF No. 24, pp. 24–26; *Plaintiff's Reply Brief*, ECF No. 26, pp. 6–7. Plaintiff argues that the ALJ's omission in this regard and failure to explain this omission requires remand, particularly where an inability to respond appropriately to supervision will substantially erode the unskilled occupational skill base. *Plaintiff's Brief*, ECF No. 24, pp. 24–26; *Plaintiff's Reply Brief*, ECF No. 26, pp. 6–7. The Commissioner does not respond specifically to these arguments and instead generally asserts that the RFC properly accounted for "All Limitations Supported by the Record and Accepted by the ALJ." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 25, p. 10.

Plaintiff's arguments are well taken. "The public, supervisors, and co-workers are distinct groups, and are separately addressed on the mental RFC forms. Thus, limitations on one type of interaction in the RFC does not account for limitations on the others." *Grinolds v. Colvin*, No.

15-30, 2015 WL 5178184, at *2 (W.D. Pa. Sept. 4, 2015); *see also Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the [Commissioner's] mental residual capacity forms. Thus, limitations on two of these types of interactions does not account for limitations on the third.") (internal quotation marks and citations omitted). Notably, "an inability to appropriately interact with or respond to criticism from supervisors is distinct from an inability to interact with either coworkers or the public. Indeed, the Social Security regulations treat the abilities to respond appropriately to 'supervision' and to get along with 'coworkers" as separate aspects of the 'basic mental demands' of unskilled work, noting that the 'substantial loss of ability to meet' any basic mental demand could 'severely limit the potential occupational base.'" *Melissa R. v. Berryhill*, No. 2:17-CV-07716-AFM, 2018 WL 6507898, at *4 (C.D. Cal. Dec. 11, 2018) (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)); *see also Tschannen v. Colvin*, No. 15-182, 2015 WL 7012531, at *1–2 (W.D. Pa. Nov. 12, 2015) ("[I]t is unclear how the RFC accommodates Plaintiff's moderate social limitations assigned by Dr. Brace and Dr. Newman. Those limitations were, apparently, accepted by the ALJ, but the RFC includes limitations relating only to supervisors and the public. . . . While the ALJ is certainly entitled to exclude limitations from an RFC, he must explain why is doing so."). As Plaintiff observes, the ALJ found that Plaintiff had moderate limitations in interacting with "others." R. 28. However, although the ALJ specifically found that Plaintiff should have only occasional interaction with the public and co-workers, the administrative decision was silent as to any limitation in interacting with supervisors. R. 28–32. Moreover, the ALJ failed to explain this omission. *Id*. This omission and failure to explain take on even greater significance when one considers that

11

the vocational expert, upon whose testimony the ALJ relied, was asked to assume a claimant who is limited only in her ability to interact with co-workers and the public. R. 69–70.

The ALJ's failure to include a limitation relating to interaction with supervisors, and failure to explain why interaction with supervisors was apparently not limited despite the finding that Plaintiff is "moderately limited in interacting with others," R. 28, cannot be viewed as harmless. *Nickens v. Colvin*, No. 14-140, 2014 WL 4792197, at *1–2 (W.D. Pa. Sept. 23, 2014) ("This omission infects the hypothetical to the vocational expert, which, in this case, did not include a reference to interaction with supervisors. . . . This matter must be remanded so that the ALJ may address whether he rejected this limitation, or, if he failed to consider it, to do so.") (citations omitted); *Capo v. Comm'r of Soc. Sec.*, No. CV 2:17-1280, 2018 WL 5982435, at *4 (W.D. Pa. Nov. 13, 2018) (remanding action where the "Plaintiff correctly argues that the ALJ's RFC finding [that limited the plaintiff, *inter alia*, to only occasional public interaction, but containing no similar restrictions as to Plaintiff's interactions with supervisors and/or co-workers] appears inconsistent with his acceptance of Dr. Marion's moderate limitations, specifically, the moderate limitation on interactions with supervisors and/or co-workers. Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence"); *Tschannen*, 2015 WL 7012531, at *1–2. Accordingly, considering this inconsistency and the ALJ's failure to explain this inconsistency, this Court cannot conclude that substantial evidence supports the ALJ's RFC finding. *See id.*; *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

This Court concludes that remand of the matter for further consideration is appropriate even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). The Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of this issue.[3]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

---

[3] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's moderate limitations in interacting with others and the RFC determination, the Court does not consider those claims.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  July 29, 2021                                           *s/Norah McCann King*
                                                       NORAH McCANN KING
                                                       UNITED STATES MAGISTRATE JUDGE

14